Philip E. Quinn *et al. vs.* Scheindel Tanenbaum *et al.*

MAY 9, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Capotosto, J. This is an action of debt on a bond given to the sheriff and his deputy to release an attachment. The case, which was heard by a justice of the superior court sitting without a jury, is before us on the exception of Harry M. Tanenbaum, one of the sureties on that bond, to the decision of the trial justice.

The writ of attachment was served by the sheriff in an action brought by Joseph Abbate against Scheindel Tanenbaum, hereafter called the original case. The property of Scheindel Tanenbaum, attached in that action was released upon the acceptance by the sheriff of the bond of the defendant therein with Harry M. Tanenbaum, hereafter referred

to as Tanenbaum, and Maurice S. Lifschitz as sureties. This case was duly entered in the superior court.

From the meager record in the instant case, it appears that during the pendency of the original case, Tanenbaum, Scheindel Tanenbaum, and Joseph Abbate entered into a written agreement, dated October 28, 1938, by the terms of which Tanenbaum agreed to purchase from Joseph Abbate, for the sum of $1000 payable in monthly installments of $25, all claims and demands which Abbate had against Scheindel Tanenbaum, including all Abbate's rights in the original case. The agreement then provided that all proceedings in that case were to be stayed while Tanenbaum continued to make the stipulated payments, but that in case of failure on his part to make such payments, Abbate was forthwith released from the agreement and could proceed in said case to trial and judgment, the amount of such judgment being limited to the unpaid balance due under the agreement. The agreement further provided that, in case of failure on the part of Tanenbaum to make the stipulated payments, judgment might be entered in the original case against Scheindel Tanenbaum in the amount of the unpaid balance due under the agreement.

Tanenbaum made a few payments under his agreement with Abbate and then stopped making any more such payments. Abbate thereupon had the original case assigned for trial, and when it was actually reached for trial, Scheindel Tanenbaum submitted to a decision in favor of Abbate for $925. This decision ripened into the judgment which supports the present action of debt on bond.

At the conclusion of the evidence in the instant case, the trial justice entered decision for the plaintiff in the penal sum of the attachment bond, $2500, against Scheindel Tanenbaum, as principal, and Tanenbaum, as surety. He entered decision for Maurice S. Lifschitz, the other surety on that bond, because his rights as a surety were affected, without

his knowledge and consent, by the agreement of October 28, 1938.

Tanenbaum now urges that the trial justice erred in holding him liable as surety on the attachment bond. His first contention is that he is not liable as surety on that bond because Abbate should have proceeded against him for breach of the agreement of October 28, 1938 and not in an action of debt on bond as surety on the attachment bond in the original case. This contention is clearly without merit, for, in the agreement upon which he relies, it is expressly stipulated that upon breach of that agreement Abbate was forthwith released therefrom and could further prosecute the original case. Furthermore, this agreement shows by its terms that it was not in substitution for the bond.

Tanenbaum's second contention is that he is not liable as surety on the attachment bond because the judgment in the original case is based upon a submission to decision for Abbate by Scheindel Tanenbaum, and not upon a trial by the court of the original case, as provided in the agreement of October 28, 1938. To support this contention he cites the case of *Andrews* v. *Indemnity Ins. Co. of North America,* 55 R. I. 341. The *Andrews* case is clearly distinguishable in its facts from the present case and therefore is inapplicable in the special circumstances now before us. In trying to bring himself within the scope of that decision Tanenbaum himself says in his brief: "If Harry M. Tanenbaum had not entered into the agreement made between the plaintiff and the defendant in the prior action we would have a case exactly like *Andrews* v. *Indemnity Ins. Co., supra.*"

The agreement of October 28, 1938 must be reasonably construed in its effect on the original case. That agreement was, in substance, a concession by Abbate as to the amount and method of payment of an apparently just claim for a larger sum than the $1000 which Tanenbaum agreed to pay therefor. It was entered into by both Scheindel Tanenbaum

and Tanenbaum for their common benefit, and it expressly provided, again to their common advantage, that if default were made in carrying out the terms of the agreement, judgment in the original case might be entered against Scheindel Tanenbaum in the amount of the unpaid balance due under the agreement.

There is no complaint from Tanenbaum that the amount of the judgment in the original case was not limited to the unpaid balance due under the agreement, nor does he claim that Scheindel Tanenbaum acted without his knowledge and consent in submitting to decision for Abbate when the original case was actually reached for trial. The attorney, who represented Scheindel Tanenbaum in the original case, in submitting to a decision which ripened into a judgment against her, represented both Scheindel Tanenbaum and Tanenbaum in the matter of the agreement in question. Tanenbaum, unlike the other surety, Maurice S. Lifschitz, was not a stranger to this agreement, but was actually a party thereto and had agreed therein that judgment might be entered in the original case against Scheindel Tanenbaum.

In the special circumstances before us, we are of the opinion that the judgment in the original case was entered in strict compliance with the terms of the agreement which Tanenbaum had signed as a party. Having consented in the final paragraph of the agreement that, upon default, judgment might be entered against Scheindel Tanenbaum in the original case, he cannot now complain because such a judgment was entered on submission by Scheindel Tanenbaum to a decision against her, following default under the agreement. There is, therefore, no merit in Tanenbaum's second contention.

The exception of the defendant, Harry M. Tanenbaum, is overruled, and the case is remitted to the superior court for further proceedings.

*Emilio D. Iannuccillo,* for plaintiff.

*Frank H. Bellin,* for defendant.